UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW JORDAN TYRA,

    Plaintiff,

        v.                       CAUSE NO. 3:23-CV-1124-JD-APR

IDOC, et al.,

    Defendants.

OPINION AND ORDER

Matthew Jordan Tyra, a prisoner without a lawyer, filed a complaint. ECF 8. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Tyra, who is housed at Miami Correctional Facility, alleges that an inmate named James Slack raped him in January 2024. ECF 8 at 2. He also alleges that, on another occasion, Slack told him he was going to kill him and then assaulted and stabbed him. *Id*. at 2-3. While unclear from his complaint, Tyra seems to assert that another inmate, Timothy Smith, also raped him. *Id*. at 2. Tyra alleges that the rapes occurred because the

Warden of Miami Correctional Facility allowed his staff to sit idly by and not write up inmates when they entered the bed spaces of other inmates. *Id*.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). This is a high standard. As the Seventh Circuit has explained:

> To establish deliberate indifference on the part of the defendants sued individually, [plaintiff] needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (internal citations and footnote omitted). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–426 (7th Cir. 2020). Nor does making a "mistake" or

2

exercising "poor judgment" satisfy the deliberate indifference standard. *Giles v. Tobeck*, 895 F.3d 510, 514 (7th Cir. 2018).

In this case, Tyra initially sues the Warden of Miami Correctional Facility. He is attempting to hold the Warden liable for the two rapes because prison staff allegedly allowed Slack and Smith to enter his bed area. *Id*. However, liability under 42 U.S.C. § 1983 is based on personal responsibility, and the Warden cannot be held liable for damages simply because of his position. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) and *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (both noting that liability under 42 U.S.C. § 1983 is based on personal responsibility and that prison officials cannot be held liable for damages solely because they hold supervisory positions). Tyra has not stated a claim against the Warden.

To the extent Tyra is asserting violations of the Prison Rape Elimination Act ("PREA") or prison policy in the handling of the alleged rapes, that cannot form the basis for a claim under 42 U.S.C. § 1983. *Winners v. Hyatt*, No. 3:20-CV-1035-JD-MGG, 2021 WL 1165140, at *2 (N.D. Ind. Mar. 25, 2021) (PREA does not create a private right of action). Similarly, prison staff's failure to follow internal policies pertaining to PREA does not state a claim. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations"). Tyra has not stated a claim here.

Tyra has also sued the two inmates, Slack and Smith, who he alleges raped him. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants

3

acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). But Tyra cannot sue Slack and Smith under 42 U.S.C. § 1983 because, as private individuals, they could not have plausibly violated his federal constitutional or statutory rights. He has not stated a claim against Slack or Smith.

Furthermore, Tyra has sued the Indiana Department of Correction ("IDOC"). However, the State of Indiana and its agencies are not "persons" who can be sued for constitutional violations under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Additionally, state agencies have Eleventh Amendment immunity from a claim for damages in federal court. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019) ("The Eleventh Amendment bars private litigants' suits against nonconsenting states in federal courts, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment. This immunity extends to state agencies and state officials in their official capacities. There is no dispute that the DOC is a nonconsenting state agency, and Congress has not abrogated [Indiana's] Eleventh Amendment immunity for plaintiff's claims brought pursuant to § 1983.") (internal quotation marks and citations omitted). Tyra may not proceed against the IDOC.

This complaint does not state a claim for which relief can be granted. If Tyra believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738

4

(7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Matthew Jordan Tyra until **July 5, 2024**, to file an amended complaint; and

(2) CAUTIONS Matthew Jordan Tyra that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on June 5, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT