UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW JORDAN TYRA,

  Plaintiff,

  v.  CAUSE NO. 3:23-CV-1124-JD-APR

BRIAN ENGLISH, et al.,

  Defendants.

OPINION AND ORDER

Matthew Jordan Tyra, a prisoner without a lawyer, filed an amended complaint.[1] ECF 20. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Tyra alleges many of the same facts as he did in his original complaint. He first asserts that, on December 20, 2023, an inmate named James Slack entered his cell with another inmate and they sexually assaulted him. ECF 20 at 1-

---

[1] Tyra was afforded an opportunity to file a second amended complaint and cautioned, that if he did not file one, the court would proceed with the screening of his amended complaint. ECF 24. Because Tyra did not file a second amended complaint, the court has screened his amended complaint.

2. Tyra next asserts that, at some point, another inmate, Timothy Smith, lured him into his cell to sexually assault him. *Id*. at 2. He states Smith held him at knife point and he was sexually assaulted by Smith and two other inmates. *Id*. Tyra reports he suffered both physical and emotional injuries from the assaults. *Id*. He seeks monetary compensation and a transfer to a different facility. *Id*. at 4.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). This is a high standard. As the Seventh Circuit has explained:

> To establish deliberate indifference on the part of the defendants sued individually, [plaintiff] needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (internal citations and footnote omitted). "[N]egligence, gross negligence, or even recklessness as the term is

used in tort cases is not enough" to establish an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–426 (7th Cir. 2020). Nor does making a "mistake" or exercising "poor judgment" satisfy the deliberate indifference standard. *Giles v. Tobeck*, 895 F.3d 510, 514 (7th Cir. 2018).

In his amended complaint, Tyra initially asserts that Warden Brian English is responsible for the sexual assaults because he did not assign floor officers to each side of his dorm. ECF 20 at 3. Tyra states Smith was able to sexually assault him because there were no officers present to prevent Smith from luring him to Smith's cell. *Id*. at 2. He contends that extra precautions should have been taken to prevent a known sexual predator from assaulting him. *Id*.

As the court previously explained (ECF 19 at 3), liability under 42 U.S.C. § 1983 is based on personal responsibility, and Warden English cannot be held liable for damages simply because of his position as a supervisor. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) and *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (both noting that liability under 42 U.S.C. § 1983 is based on personal responsibility and that prison officials cannot be held liable for damages solely because they hold supervisory positions). To be held liable, a supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). The amended complaint does not contain facts that suggest Warden English had actual knowledge of the impending assaults. It also does not contain facts from which it can be plausibly inferred that

3

Warden English facilitated, approved, condoned, or turned a blind eye toward the assaults. Tyra has not stated a claim against Warden English.

Tyra next asserts that Prison Rape Elimination Act ("PREA") Coordinator Lauren Harbaugh is liable for the sexual assaults because she did not make accommodations for those inmates who have been assaulted at Miami Correctional Facility. ECF 20 at 3. As the court previously explained (ECF 19 at 3), to the extent Tyra is asserting violations of the PREA or prison policy in the handling of the alleged sexual assaults, that cannot form the basis for a claim under 42 U.S.C. § 1983. *Winners v. Hyatt*, No. 3:20-CV-1035-JD-MGG, 2021 WL 1165140, at *2 (N.D. Ind. Mar. 25, 2021) (PREA does not create a private right of action). Similarly, prison staff's failure to follow internal policies pertaining to the PREA does not state a claim. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations"). Tyra has not stated a claim against PREA Coordinator Harbaugh.

Tyra has also sued the Miami Correctional Facility. However, the prison is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Because the prison is not a suable entity, he may not proceed on this claim.

Finally, Tyra has sued the two inmates, Slack and Smith, who he alleges sexually assaulted him. However, the court previously explained (ECF 19 at 3-4) that, in order to state a claim under 42 U.S.C. § 1983, Tyra must allege "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state

law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Tyra cannot sue Slack and Smith under 42 U.S.C. § 1983 because, as private individuals, they could not have plausibly violated his federal constitutional or statutory rights. He has not stated a claim against them.

To the extent Tyra may have state law claims against Slack and Smith, this court will not exercise jurisdiction over those claims in the absence of a federal claim. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c)."). The court will dismiss any state law claims contained in the amended complaint without prejudice should Tyra wish to pursue them in state court. This court offers no opinion about the wisdom of pursuing this course of action or the merit of any potential claim he may have.

Tyra has already had two opportunities to amend his complaint. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE any state law claims against James Slack and Timothy Smith contained in the amended complaint pursuant to 28 U.S.C. § 1367(c)(3);

(2) DISMISSES all other claims pursuant to 28 U.S.C. § 1915A; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on November 14, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT